■ KAREN B. SCHWARTZ, Respondent, v. THEODORE SCHWARTZ, Appellant. — In an action by a wife for a judicial separation on the grounds of cruel and inhuman treatment and nonsupport, the defendant husband appeals from an order of the Supreme Court, Suffolk County, dated October 2, 1964, which granted the plaintiff's motion for temporary alimony and other relief and directed: (1) that defendant shall pay $60 a week to the plaintiff for her support and the support and maintenance of the two children; (2) that plaintiff shall have exclusive and sole custody of the marital home; (3) that, in addition to the payment afore-mentioned, defendant shall pay all carrying and utility charges relating to the marital residence; (4) that plaintiff shall have custody of the children pending the determination of the action, with specified rights of visitation to the defendant; and (5) that defendant shall pay $500 as a counsel fee. Order modified by striking out all the decretal paragraphs except the first one, and by substituting therefor provisions directing: (1) that the defendant shall pay $30 a week *pendente lite* to the plaintiff for the support and maintenance of the plaintiff and the children; (2) that in addition thereto, defendant shall pay all the carrying and utility charges relating to the marital residence; (3) that the plaintiff shall have the custody of the children; and (4) that defendant shall pay to the plaintiff the sum of $300 as a counsel fee, one half thereof to be paid within 15 days after service of a copy of the order to be entered hereon and the balance when the case appears on the Ready Calendar for trial, with leave to the plaintiff to apply to the trial court for an additional counsel fee, if it is justified by the proof adduced on the trial. As so modified, order affirmed, without costs. In our opinion, on this record the alimony awarded *pendente lite* and the counsel fee of $500, in addition to the $250 which had been previously paid to the plaintiff's attorneys on behalf of the plaintiff, were excessive. Under the circumstances here, the grant to the plaintiff of exclusive possession of the marital home was an improvident exercise of discretion (*Walsh* v. *Walsh*, 22 A D 2d 937). It does not appear that there is any need for specifying visitation rights if the parties reside in the same house during the pendency of the action. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.